# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 07-40 |
| SHANNON MITCHELL | * | SECTION L |

## ORDER AND REASONS

Pending before the Court is *pro se* Defendant Shannon Mitchell's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Rec. Doc. 53. Mitchell bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Mitchell also claims ineffective assistance of counsel at sentencing, and asks for relief under Federal Rule of Civil Procedure 60(b). The Government opposes Defendant's motion. Rec. Doc. 59. Having considered the parties' submissions and applicable law, the Court now issues this Order and Reasons.

## I. RELEVANT PROCEDURAL HISTORY

In September 2007, Mitchell pleaded guilty to a two-count indictment charging violations of the Controlled Substances Act, 21 U.S.C. § 841(a)(1) & 851(a) ("Count 1"), and the Gun Control Act, 18 U.S.C. § 922(g)(1) ("Count 2"). *See* Rec. Doc. 36.

At the time of sentencing, because Mitchell had a criminal history that included two or more convictions for a crime of violence or felony drug offenses, he qualified for the classification as a career offender under U.S.S.G. § 4B1.1. The statutory penalties that Mitchell faced for imprisonment was a mandatory minimum of twenty years to maximum of life as to Count 1 of his indictment, and a maximum of ten years as to Count 2. In March 2008, the Court sentenced

1

Mitchell to 280 months' imprisonment (23 years and four months) for both counts. Rec. Doc. 49. Mitchell did not file a direct appeal.

Nonetheless, in March 2017, Mitchell filed the instant § 2255 motion, more than one year after the Supreme Court's decision in *Johnson*. Rec. Doc. 53. Mitchell filed supplements to his § 2255 motion in June 2017 and August 2017. *See* Rec. Docs. 54 & 58. In his motion and subsequent filings, Mitchell argues (1) that the application of the career offender guideline enhancement, U.S.S.G. §§ 4B1.1 and 4B1.2, was improper in light of *Johnson* and *Mathis*, (2) that his attorney was ineffective in failing to object to the application of the career offender guideline enhancement; and (3) that he is entitled to relief under Federal Rule of Civil Procedure 60(b). *See* Rec. Doc. 54. The Court will address each issue in turn.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the

prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."
28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Mitchell's Claims Are Not Timely.

As a threshold matter, the Court must determine whether Defendant timely filed his petition under 28 U.S.C. § 2255.

The law requires that all § 2255 petitions be filed within one year of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Mitchell filed his § 2255 motion in March 2017, approximately nine years after his judgment of conviction became final. *See* Rec. Doc. 49 at 2; *see also United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."). Thus, Mitchell's instant motion is untimely under § 2255(f)(1), which requires filing within one year of the judgment date.

Mitchell argues that his motion is timely and permissible under either § 2255(f)(2) or (3). *See* Rec. Doc. 53 at 18; Rec. Doc. 54 at 10; Rec. Doc. 58 at 10. If a defendant argues that he or she was unable to file a timely motion due to governmental impediment, Section 2255(f)(2)

permits such a motion to be filed within one year of the date on which the impediment is removed. Thus, to warrant review under § 2255(f)(2), Mitchell must show that an impediment created by governmental action in violation of the Constitution or laws of the United States that prevented him from filing his motion. Alternatively, under § 2255(f)(3), Mitchell argues the right he asserts was recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Regarding § 2255(f)(2), Mitchell argues that his claims are timely because they were until recently foreclosed by Fifth Circuit precedent that was overturned by the Supreme Court's decision in *Mathis* and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). But regardless whether these cases are applicable, which they are not (discussed later), these new line of holdings are not the type of unconstitutional or unlawful government impediment that prevents one from timely filing his initial § 2255 motion. Courts have recognized certain examples of impediments, *i.e.*, prisons restricting access to law libraries, legal assistance, or legal materials. *See United States v. Saenz-Lopez*, 361 F. App'x 593, 595 (5th Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015). Mitchell has not made such a showing that even remotely resembles governmental wrongdoing. Accordingly, Mitchell's claims are not timely under § 2255(f)(2).

Regarding § 2255(f)(3), Mitchell argues that the Supreme Court has recognized *Johnson* as being retroactive to cases on collateral review. *See Welch*, 136 S. Ct. at 1268; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (holding *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); *Hietman v. United States*, No. 95-160, 2017 WL 3530597, at *2 (N.D. Tex. July 27, 2017) ("Movant cites *Mathis*, *Tanksley*, and

*Hinkle*, but those cases do not trigger § 2255(f)(3)."). However, relevant to Defendant's motion, the Supreme Court has held that *Johnson* does not extend to the advisory Sentencing Guidelines. *See Beckles*, 137 S. Ct. at 897. Furthermore, even if *Johnson* did extend to the Sentencing Guidelines, Mitchell's motion was filed in March 2017—after the June 26, 2016 deadline for motions claiming relief under *Johnson*. *See* 28 U.S.C. § 2255(f)(3). Finally, *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. *In re Lott*, 838 F.3d at 523. Given the foregoing, Mitchell's § 2255 motion is untimely.

### B. Mitchell Waived His Right to Appeal.

The Government argues the Defendant's § 2255 motion should be dismissed because he waived his right to collaterally challenge his conviction and sentence. A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. Potter*, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015).

Pursuant to the written terms of his plea agreement, Mitchell's claims are barred by the collateral review waiver in his plea agreement, which provides:

> The defendant [] waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the plea itself.

Rec. Doc. 34 at 2.

At Mitchell's rearraignment hearing, the Court explained to him his rights and ensured that he understood the offenses to which he was pleading guilty, the maximum sentence he faced, and the trial and appeal rights he was surrendering by pleading guilty. Defendant repeatedly affirmed his understanding of the consequences of his plea agreement. A defendant's statements on the record in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Moses*, No. CR 10-271, 2017 WL 6451748, at *4 (E.D. La. Dec. 18, 2017). Defendant has provided no evidence or argument that he did not understand the implications of his plea agreement, or that his plea was not "knowing and voluntary." *See Wilkes*, 20 F.3d at 653. Accordingly, the Court finds that Defendant's waiver in the plea agreement forecloses the instant § 2255 motion.

### C. Mitchell's Ineffective Counsel Argument Is Unfounded.

As provided above, Mitchell's waiver exempts appeals that arise from "ineffective assistance of counsel." Rec. Doc. 34 at 2.

"Under *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency." *United States v. Henry*, No. 08-19, 2010 WL 2998888, at *3 (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong." *Id*. (citing *Strickland*, 466 U.S. at 697; *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999)). "It does not matter for Sixth Amendment purposes whether counsel was retained or appointed." *Id*. (citing *Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980)).

"With respect to *Strickland*'s 'deficiency' prong, the Fifth Circuit has held that trial counsel's performance must be judged against 'an objective standard of reasonableness, mindful of the strong presumption of adequacy.'" *Id*. (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention, but a conscious and informed decision on trial tactics and strategy will not be considered deficient unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id*. (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003); *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005)) (internal quotation marks omitted). "In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time of trial." *Id*. (citing *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998)).

"With respect to *Strickland*'s 'prejudice' prong, the petitioner must show that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at *4 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Id*. In many cases, including where a defendant claims that his lawyer should have but did not make certain objections or file certain motions, a defendant must show "that he would have been better off going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

Mitchell claims that he received ineffective assistance of counsel at sentencing. *See* Rec. Doc. 53 at 34-35. "When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland*'s deficiency prong is met when counsel fails to 'research facts and law and raise meritorious arguments based on controlling precedent.'" *United States v. Cunningham*, No. 10-609, 2013 WL 3899335, at *7 (S.D. Tex. July 27, 2013) (quoting *United States v. Fields*, 565 F.3d

7

290, 296 (5th Cir. 2009)). The defendant must demonstrate a reasonable probability that, but for his attorney's defective performance, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

In this case, Mitchell has not demonstrated that his attorney failed to research facts and law or raise meritorious arguments based on controlling precedent. Mitchell's prior conviction,[1] which led to the enhanced sentencing, resulted from his distribution of a controlled or dangerous substance, in violation of La. R.S. § 40:967. As this Court has previously noted, any objection at sentencing to Mitchell's previous convictions under La. R.S. § 40:967 would have likely failed. *See United States v. Young*, No. 08-089, 2017 WL 3601211, at *3 (E.D. La. Aug. 22, 2017) (holding defendant's convictions under La. R.S. 40:967(A) were serious drug offenses under the ACCA). The Court cannot discern how any alleged deficiencies by Mitchell's attorney prejudiced him at sentencing or how Mitchell would have received a lower sentence but for the allegedly defective performance. Accordingly, Mitchell's ineffective assistance of counsel claim is unfounded.

### D. *Johnson* and *Mathis* Do Not Apply to Challenges on Sentencing Guidelines.

Mitchell argues that the application of the career offender guideline enhancement, U.S.S.G. §§ 4B1.1 and 4B1.2, was improper in light of *Johnson* and *Mathis*. However, even assuming that Mitchell timely appealed and did not waive his rights to appeal, Mitchell's arguments fail on its merits: the Supreme Court and Fifth Circuit have clearly stated that *Johnson* does not apply to sentencing guidelines.

---

[1] On or about February 8, 1991, Mitchell pled guilty to distribution of a controlled and dangerous substance, to wit: crack cocaine, in violation of Louisiana Revised Statute 40:967 in the Criminal Court for the Parish of Orleans, State of Louisiana. Mitchell was subsequently sentenced to serve ten years imprisonment, suspended, and placed on five years active probation with conditions. *See* Rec. Doc. 33.

8

The United States Supreme Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Mathis*, the Court elaborated on the modified categorical approach, which courts use to determine whether past convictions for offenses with alternative elements qualify as crimes of violence under the Armed Career Criminal Act. 136 S. Ct. at 2251-54. *Mathis* explained when a district court may look to certain documents related to the previous conviction to determine whether the conviction was a "serious drug offense" or a "violent felony," also known as the "modified categorical approach." *Id.* at 2249-50.

Relevant to Mitchell's argument, the Supreme Court has openly stated that *Johnson* does not apply to the Sentencing Guidelines. In *Beckles v. United States*, the Supreme Court held that "§ 4B1.2(a)'s residual clause is not void for vagueness" because "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge." 137 S. Ct. 886, 897 (2017).

Furthermore, Defendant cites *Hinkle*, 832 F.3d 569, and *Tanksley*, 848 F.3d 347, to support his argument. But neither is applicable here. *Hinkle* and *Tanksley* dealt with a Texas narcotics statute and not the Louisiana statute that was the basis for Mitchell's sentence enhancement. The problematic language in the Texas statute—that is, the element of "delivery," *see Hinkle*, 832 F.3d at 577; *Tanksley*, 848 F.3d at 352—is not present in the Louisiana law that Mitchell violated, which punishes the production, manufacturing, distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance. *See* La. R.S. § 40:967(A). Accordingly, Mitchell's argument is meritless, and he cannot show prejudice resulting from any alleged error.

### E. Mitchell Is Not Entitled to Relief Under Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A petitioner fails to meet the substantial burden under Rule 60(b) unless he points to some significant defect in prior habeas proceedings. *See United States v. Nkuku*, 602 F. App'x 183, 186 (5th Cir. 2015); *McGary v. Richards*, 2013 WL 1010746, at *4 (W.D. Wash. Mar. 14, 2013) ("[T]he majority of McGary's briefing is quotations from case law . . . and bare assertions that his situation meets the standards set out in those cases. McGary supplies no reasoning that demonstrates some defect in the integrity of the federal habeas proceedings, any error in the Court's habeas ruling showing that dismissal of his claims was improper and constituted injury for the purposes of Rule 60(b)(6), or that extraordinary circumstances warrant relief.") (citing *Gonzalez*, 545 U.S. at 532). "Procedural defects are narrowly construed[.]" *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). "They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

Here, Mitchell cites Rule 60(b), but does not specify an error by the court in a previous collateral proceeding. *See* Rec. Doc. 54 at 12; Rec. Doc. 58 at 11-12. That is because the instant § 2255 motion is Mitchell's first challenge. Thus, there are no prior rulings that would have precluded a merits determination, and Rule 60(b) does not apply.

### F. Certificate of Appealability

In denying a Defendant's § 2255 motion, the Court must also address whether a certificate of appealability should be issued. Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in this Order and Reasons denying relief, the Court concludes that Mitchell's petition fails to satisfy this standard for appeal.

## IV. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Rec. Doc. 53) is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of April, 2018.

                                                **ELDON E. FALLON**
                                                United States District Judge

Clerk to mail copy to:

    Shannon Mitchell
    Fort Worth Federal Medical Center
    Inmate Mail/Parcels
    P.O. Box 15330
    Fort Worth, TX 76119