**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **CASE NO. 07-40** |
| **SHANNON MITCHELL** | * | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a Motion to Terminate Supervised Release filed by Defendant Shannon Mitchell. R. Doc. 73. The Government opposes the Motion. R. Doc. 77. Having considered the briefing, the applicable law, and the record, the Court **GRANTS** the Motion.

Pursuant to 18 U.S.C. § 3583(e)(1), a district court "may terminate an individual's supervised release obligations at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Johnson*, 529 U.S. 53, 60 (2000) (internal quotation marks omitted). Although early termination is not warranted merely because a defendant has complied with the conditions of supervised release, such compliance is an important factor in assessing whether continued supervision remains appropriate. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018). Other relevant factors for a court to consider include "the nature of the offense," "the history of the offender," "and "implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). A court may also consider the defendant's post-release conduct and whether continued supervision remains necessary to further the rehabilitative purpose of supervised release. *Id.*

Mitchell was first brought into custody in October 2006. R. Doc. 49 at 2. In 2007, Mitchell pleaded guilty to two counts: (1) felon in possession of a firearm and (2) possession with intent to distribute cocaine hydrochloride. R. Doc. 34. He was sentenced to 280 months of imprisonment

1

and ten years of supervised release. R. Doc. 49. Mitchell was released in November 2019 after receiving a sentence reduction pursuant to the First Step Act. R. Docs. 69, 71.

To date, Mitchell has been on supervised release for over six and a half years. Mitchell represents that he has complied with all conditions of supervised release and has paid all fines. R. Doc. 79 at 2. Mitchell requests early termination of his supervised release so that he may pursue out-of-state or offshore employment opportunities that would allow him to better support his family. R. Doc. 79.

The Government argues that mere compliance with the conditions of supervised release is insufficient to warrant early termination and that Mitchell has not demonstrated exceptionally good behavior. R. Doc. 77. The Government further emphasizes Mitchell's criminal history and argues that the serious nature of his underlying offenses weighs in favor of continuing supervision. *Id.*

On July 21, 2026, the Court conducted a telephone conference with Mitchell's probation officer. The probation officer confirmed that Mitchell has complied with all conditions of supervised release. She further confirmed that Mitchell did not have a violent disciplinary history while incarcerated and there have been no violent offenses or domestic violence incidents since his release. The probation officer also confirmed that Mitchell has maintained a stable residence with his significant other and children and has a strong family support system. Since his release, Mitchell has maintained steady employment and demonstrated the ability to support himself and his family through consistent income. Based on Mitchell's compliance and successful adjustment to supervision, the probation officer did not object to the early termination of his supervised release.

After considering the record, the Court finds that Mitchell's conduct while on supervised release demonstrates meaningful rehabilitation and that continued supervision is no longer

necessary. Although the Court does not minimize the seriousness of Mitchell's underlying offenses, it notes that they were non-violent in nature. R. Doc. 49 at 2. Mitchell served approximately thirteen years of imprisonment for those offenses. R. Doc. 69, 71. Since his release, Mitchell has successfully completed more than six and a half years of supervision without violation, maintained employment, established a stable living environment, and remained supported by his family and community. The Court further finds that permitting Mitchell to pursue additional employment opportunities outside the state or offshore serves the interests of justice by supporting his continued rehabilitation and ability to provide for his family. Accordingly, the Court exercises its discretion under 18 U.S.C. § 3583(e)(1) and grants Mitchell's Motion to Terminate Supervised Release.

For these reasons,

**IT IS ORDERED** that Defendant Shannon Mitchell's Motion to Terminate Supervised Release, R. Doc. 73, is **GRANTED**. Mitchell's supervised release is hereby **TERMINATED**, effective immediately.

New Orleans, Louisiana, this 23rd day of July, 2026.

THE HONORABLE ELDON E. FALLON

3